# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

: 401 W Central Blvd, Orlando, Fl 32801

_____

SERVED VIA UNITED STATES POSTAL SERVICE TO: 401 W Central Blvd, Orlando, 32801

FILED VIA UNITED STATES POSTAL SERVICE IN: In The United States District Court for Middle District Of Florida, Orlando Division

"Silence can only be equated with fraud where there is a legal or moral duty is to speak, or where an inquiry left unanswered would be intentionally misleading..."

In Personam: LACATHY BAILUM  
LC ~~Claimant~~ Plaintiff

Cause No: 6:25-CV-1053 WWB-DCI

v.

Petitioner: CASTLE WOODS OWNER, LP; Minn Investor Member LLC; CONAM STRATEGIC INVESTMENT FUND IV LP; et al.  
Defendant

1

## VERIFIED COMPLAINT FOR EQUITABLE ACCOUNTING, RESTITUTION, INJUNCTIVE, AND CIVIL RIGHTS RELIEF

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of Seminole County, Florida, and lawful trust beneficiary of the pooled lease/securitization investment referenced herein.

2. Defendants are owners/managers, pooled fund managers, and/or investment agents for Castle Woods Apartments, including parent LLCs, GPs, and affiliates as identified in SEC Form D filings.

3. Jurisdiction arises under 28 U.S.C. §§ 1331, 1332, 1343, 2201 (federal question, diversity, civil rights, declaratory relief); 42 U.S.C. §§ 1983, 1982, 3601 et seq.; and the federal law of trusts and equity.

### FACTUAL BACKGROUND

4. Plaintiff occupied 1100 Castle Wood Terrace Apt 100, Casselberry, FL, under a lease agreement subsequently assigned and incorporated into pooled investment trusts/funds (Minn Investor Member LLC, CONAM Strategic Investments Fund IV LP) as shown by SEC Form D filings, attached hereto as Exhibit A.

5. Defendants acted as trust/fund fiduciaries for Plaintiff's tenancy, controlling rights, rents, and accounting, and operating in a fiduciary/trustee capacity.

6. At all times relevant, Defendants failed to notify, account to Plaintiff, or provide full and accurate forensic records as required under fiduciary principles, trust law, and exclusive equity.

## CAUSES OF ACTION

Count I – Equitable Accounting and Exclusive Equity

7. Plaintiff, as trust beneficiary, demands full, court-ordered forensic accounting of all trust/fund activities, as authorized by *Mosher v. Conway*, 45 So. 2d 778 (Fla. 1950), Restatement (Third) of Trusts § 2, and UCC § 9-102(a)(11).

8. Defendants' refusal to provide such accounting constitutes a breach of fiduciary duty and violation of Plaintiff's exclusive equitable rights.

Count II – Restitution, Setoff, and In Rem Equitable Relief

9. Plaintiff is entitled to setoff, credit, and restitution in equity for all gains received by Defendants through assignment, pooling, or securitization of Plaintiff's lease, under the maxims of equity: "He who comes to equity must come with clean hands"; "Equity will not suffer a wrong to go without a remedy."

Count III – Violation of Due Process and Fair Housing Act (42 U.S.C. §§ 1983, 1982, 3601 et seq.)

10. Defendants used unaccounted for, blank, or fraudulently calculated rental/water bills to justify adverse actions, evictions, or legal proceedings, in violation of Plaintiff's constitutional and statutory rights to due process, equal protection, and fair housing.

Count IV – Failure to Provide Required HUD/Federal Grievance Procedure (24 C.F.R. § 966.54)

11. Prior to any adverse action, Plaintiff was not offered the federally mandated administrative grievance hearing before a neutral hearing officer, rendering all subsequent legal proceedings legally void.

Count V – Injunctive Relief (TRO/Preliminary Injunction)

12. Plaintiff faces imminent, irreparable harm through loss of equity, property, and home unless the Court immediately halts all eviction and adverse action until forensic trust accounting and federal due process protections are completed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A. Issue a temporary restraining order and preliminary injunction staying any eviction or adverse action pending this case's resolution;

B. Order Defendants to produce a full forensic trust and accounting of all transactions, assignments, collections, and disbursements relating to Plaintiff's lease;

C. Award actual, statutory, and exemplary/punitive damages as allowed in law and equity;

D. Order restitution and setoff for all unauthorized gains or breaches;

E. Award costs, attorneys' fees (if applicable), and all further relief in equity and law.

<u>Closing Manifest Of Intent</u>

My intent of manifestation is to preserve my interest and equity on the record for the record. As subrogree I am releasing the subrogation/trustees from liability and forgiving the debt obligations of the principal. Surety for principal debtor For settlement of account and performance of contract. It would be unjust enrichment and ultimately breach of fiduciary responsibilities, breach of trust and breach of contract to dishonor said instructions with faithful performance. Jurisdiction of tender is within the union body, non-military. Respectfully Petitioned,

*[signature]*
Beneficiary all rights reserved

LaCathy S Bailum, public trustee for the aforementioned trust do hereby certify as well As attest ascribe and affirm as to the accuracy and validity of the aforementioned information as supplied by the respecting the alleged debt('s) and the disputed amount claimed by the alleged creditor. The aforementioned information is as attest, holly accurate and based on either first-hand knowledge and/or information, is witnessed by and before God as such so help me God under penalty if held otherwise.

Attachments:
- Exhibit A: SEC Form D (Minn Investor Member LLC)
- Exhibit B: SEC Form D (CONAM Strategic Investments Fund IV LP)

Certificate of Service

On this 06/15/2025 the aforementioned was delivered via U.S.P.S. mail.